UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25<br>Plaintiff,<br><br>v.<br><br>ARAMARK UNIFORM SERVICES, INC.<br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff International Brotherhood of Teamsters, Local 25 (the "Union") hereby alleges for its Complaint against Defendant Aramark Uniform Services, Inc. ("Aramark" or "Employer"):

1. This is a complaint seeking confirmation and enforcement of a labor arbitration award issued November 14, 2018 pursuant to a collective bargaining agreement (the "Agreement") between the Union and the Employer. The arbitrator ruled that the Employer terminated the grievant, Dave Lavallee, without just cause. The arbitrator ordered the Employer to return Mr. Lavallee to his former position and to make him whole for all lost wages and benefits. Although the Employer has returned Mr. Lavallee to work, it has failed to return him to his former position and has failed to comply with the award's make-whole remedy.

## PARTIES

2. The Union is a labor organization representing employees in industries affecting commerce within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The Union's principal office is located at 544 Main Street, Boston, MA, 02129.

3.     Defendant Aramark Uniform Services, Inc. is an employer within the meaning of Section 2(2) of the Act, 29 U.S.C. § 152(2), and operates a service center in this judicial district in Lawrence, MA.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a) and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*.

5.     Venue lies within this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## FACTS

6.     The Union and the Employer are parties to a collective bargaining agreement containing a grievance and arbitration procedure. The final step in that procedure is the submission of unresolved grievances to an arbitrator.

7.     The Employer terminated Dave Lavallee in April 2018. The Union grieved Mr. Lavallee's termination on April 20, 2018 for unjust termination in violation of Article 11 of the Agreement.

8.     At the time of his termination, Mr. Lavallee worked as a Route Sales Representative ("RSR") assigned to Route 12. Pursuant to Article 23 of the parties' Agreement, route assignments are chosen by seniority and are determinative of compensation.

9.     The matter was submitted to arbitration in accordance with the terms and conditions of the Parties' Agreement and was heard by Arbitrator Theodore H. O'Brien, Esq. on September 13, 2018.

10.    Arbitrator O'Brien, having considered the testimony and submissions of the Parties' to the arbitration, rendered a decision and award on November 14, 2018 in Boston, Massachusetts. The

award was in favor of the Plaintiff Union, a true and correct copy of which is attached hereto as **Exhibit A**.

11. The award directed that the Employer return Dave Lavallee to his former position and to make him whole for all lost wages and benefits. Exhibit A, p. 11.

12. The Union has demanded that the Employer comply with the award.

13. To date and without lawful justification, the Employer has refused to comply with Arbitrator O'Brien's award.

14. The Employer reinstated Mr. Lavallee as an RSR, but did not return him to Route 12, the route to which he was assigned at the time of his unjust termination.

15. The Employer has further failed to comply with Arbitrator O'Brien's order that Mr. Lavallee be made whole for his lost wages and benefits.

16. Arbitrator O'Brien did not retain jurisdiction over the matter subsequent to issuing his November 14, 2018 award. Exhibit A, p. 11.

17. The Union's efforts to negotiate a resolution to its disputes with the Employer over Mr. Lavallee's assignment and the amount of backpay and benefits owed to him have proven fruitless.

18. The Employer failed to file an action to vacate Arbitrator O'Brien's award within thirty (30) days of its receipt. G.L. c. 150, § 11.

## CAUSE OF ACTION
### Confirmation and Enforcement of Arbitration Award

19. Arbitrator O'Brien's November 14, 2018 award, including its orders to return Dave Lavallee to his former position and to make him whole for all lost wages and benefits, are subject to summary confirmation and enforcement under Section 301(a) of the LMRA, 29 U.S.C. § 185(a) and the Federal Arbitration Act, 29 U.S.C. §§ 1 *et seq*.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, International Brotherhood of Teamsters, Local 25 respectfully requests that this Court:

a. Enter a judgment enforcing the November 14, 2018 award and quantifying the lost wages and benefits due to Dave Lavallee under that award;

b. Order Defendant to pay applicable interest on the make-whole award;

c. Order Defendant to return Dave Lavallee to his former position as a Route Sales Representative on Route 12;

d. Order the Defendant to pay the Plaintiff costs and attorney's fees for bringing this action;

e. Award such other and further relief as may be just and proper, including but not limited to declaring that the Defendant is time-barred from asserting any affirmative defenses because the statutory period of thirty (30) days under G.L. c. 150, § 11 has elapsed.

        Respectfully submitted,
        For the Plaintiff,
        International Brotherhood of Teamsters,
        Local 25

        By its Attorney,

        /s/ Luke Liacos, Esq.
        Luke Liacos, Esq. BBO# 693706
        Feinberg, Campbell & Zack, P.C.
        177 Milk Street, 3rd Floor
        Boston, MA 02109
        (617) 338-1976 (t)
        (617) 338-7070 (f)
        lgl@fczlaw.com

DATED: February 4, 2019